Filed 7/1/25  P. v. Lee CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082981 |
| v. | (Super.Ct.No. RIF091287) |
| HAROLD EUGENE LEE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.

1

In November 2001, Harold Eugene Lee was convicted by a jury of robbery (Pen. Code, § 211; unlabeled statutory citations are to this code) and unlawful possession of a firearm (§ 12021.1), and the jury found that he personally used a firearm in the commission of the robbery (§ 12022.53, subd (b)).  The trial court found that Lee had two prior serious felony convictions (§ 667, subd. (a)) and had served a prior prison term (§ 667.5, subd. (b)).

In February 2002, the court sentenced Lee to a term of 25 years to life for the robbery count and a consecutive 10 years for the firearm enhancement, and the court stayed a term of 25 years to life for the unlawful possession count.  The court also imposed an additional five years for each of the prior serious felony convictions and imposed but stayed the additional one year for the prior prison term.

In 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Lee was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75.  In December 2023, at a hearing that was conducted off the record but with counsel for both parties present, the court declined to resentence Lee, finding that he was not eligible for resentencing under section 1172.75.

On appeal, Lee argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed but stayed.  We agree.  The California Supreme Court so held in *People v. Rhodius* (June 26, 2025, S283169) __ Cal.5th __.

2

## DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed. The matter is remanded to the trial court with directions to recall Lee's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

RAMIREZ

P. J.

MILLER

J.